IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                    Case No. 3:08-00035-AA-3

       Plaintiff,                            OPINION AND ORDER

    v.

JUAN ANTONIO SOTO-LOPEZ,

       Defendant.

AIKEN, Chief Judge:

On March 6, 2012, defendant pled guilty to a charge of distributing methamphetamine, and he subsequently was sentenced to a 120-month term of imprisonment. Defendant now moves to vacate or set aside his conviction under 28 U.S.C. § 2255, on grounds that his trial counsel provided ineffective assistance by failing to assert defendant's speedy trial rights. The motion is denied.

BACKGROUND

In December 2006, defendant was involved in a methamphetamine

1  - OPINION AND ORDER

transaction with a confidential source (CS) at the residence of defendant's uncle in Silverton, Oregon. As part of the transaction, the CS paid defendant and his uncle $4,000 for five ounces of methamphetamine. Defendant was not arrested or charged at that time, as the investigation into methamphetamine trafficking continued.

In October 2007, defendant was arrested on unrelated drug trafficking charges in the Eastern District of California. Defendant was detained on those charges and remained in pretrial custody until his sentencing in August 2010.

In the meantime, on January 18, 2008, a sealed indictment was returned charging defendant with methamphetamine distribution and conspiracy based on the December 2006 transaction in Oregon. In March 2008, a superseding indictment was unsealed, and the U.S. Marshal for the District of Oregon lodged an internal detainer with the U.S. Marshal in the Eastern District of California. According to the government, the federal prosecutors in both the California and Oregon cases contacted defendant's California counsel to discuss the possible resolution of all charges against defendant. No resolution occurred at that time with respect to the Oregon charges.

In June 2010, defendant pled guilty to the federal California charges, and in August 2010, he was sentenced and remanded to the custody of the Bureau of Prisons (BOP). In March 2011, the U.S.

2   - OPINION AND ORDER

Marshal in Oregon verified the internal detainer on defendant and ultimately filed a detainer with the BOP corrections facility. Defendant then was informed of his speedy trial rights with respect to the Oregon charges.

In April 2011, defendant was transported to Oregon and arraigned on the Oregon charges.

On March 6, 2012, defendant pled guilty to the offense of conviction in this case, and as part of his plea agreement, he waived his right to appeal or seek relief under § 2255 except on grounds of ineffective assistance of counsel.

On July 20, 2012, defendant was sentenced to the mandatory minimum sentence of 120 months.

## DISCUSSION

Defendant contends that his trial counsel was deficient in failing to seek dismissal of the Oregon charges on speedy trial grounds, based on the approximate three-year delay between the return of the superseding indictment and his formal arrest and arraignment.[1]

To establish ineffective assistance of counsel, defendant must show that "counsel's performance was deficient" and there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Strickland v.

---

[1]I do not consider the approximate one-year period between defendant's arraignment and his plea of guilty, as such time was specifically excluded under the Speedy Trial Act. See docs. 231, 243, 254, 264.

3    - OPINION AND ORDER

Washington, 466 U.S. 668, 687, 694 (1984). Regardless of whether counsel was deficient in failing to file a motion to dismiss on speedy trial grounds, defendant fails to establish any prejudice resulting from that failure, as such a motion would have been denied.

Construing defendant's motion liberally, I consider his speedy trial challenge under Federal Rule of Criminal Procedure 48(b), the Speedy Trial Act, and the Sixth Amendment. Rule 48(b) authorizes a court to dismiss an indictment if "unnecessary delay" occurs in bringing a defendant to trial. Fed. R. Crim. P. 48(b)(3). However, Rule 48(b) applies only after a defendant has been placed under arrest. United States v. Barken, 412 F.3d 1131, 1136 (9th Cir. 2005). Similarly, "[t]he Speedy Trial Act generally requires that trial begin within 70 days of a defendant's indictment or first appearance before a judicial officer, whichever occurs later." United States v. Lewis, 611 F.3d 1172, 1175 (9th Cir. 2010) (citing 18 U.S.C. § 3161(c)(1)) (emphasis added). Here, defendant was not "arrested" and did not appear before a judicial officer until April 2011, and any delay after that time was excluded.

Granted, if the government knows a defendant "is serving a term of imprisonment in any penal institution," the Speedy Trial Act requires the government to either "obtain the presence of the prisoner for trial" or "cause a detainer to be filed with the person having custody of the prisoner and request him to so advise

4    - OPINION AND ORDER

the prisoner and to advise the prisoner of his right to demand trial." 18 U.S.C. § 3161(j)(1). However, defendant was not serving a term of imprisonment until he was remanded to BOP custody in August 2010. Once the U.S. Marshal in Oregon learned of defendant's transfer to BOP custody, a detainer was filed with the BOP facility and defendant was informed of his rights. Therefore, defendant cannot establish prejudice based on the failure to seek dismissal under Rule 48 or the Speedy Trial Act.

With respect to a challenge based on defendant's speedy trial rights under the Sixth Amendment, the court considers four factors: 1) the length of the delay; 2) the reason for the delay; 3) the defendant's assertion of speedy trial rights; 4) and prejudice as a result of the delay. Doggett v. United States, 505 U.S. 647, 651-52 (1992). A presumptively prejudicial length of delay must be shown to consider the remaining factors. Id.

Here, the three-year delay between the issuance of the Oregon indictment, arrest warrant, and internal detainer and defendant's arrest on the Oregon charges would have triggered the speedy trial inquiry.[2] Id. at 652 n.1; United States v. Gregory, 322 F.3d 1157,

---

[2] For purposes of this motion, I find that defendant's constitutional speedy trial rights were triggered by the Oregon indictment, arrest warrant, and internal detainer. United States v. Cordova, 537 F.2d 1073, 1075 (9th Cir. 1976) (Sixth Amendment speedy trial rights are triggered by filing of formal charges or arrest and arraignment, "whichever is earlier"); see also United States v. Thomas, 55 F.3d 144, 149 (4th Cir. 1995) ("We agree with the district court that the combination of the criminal complaint, the arrest warrant, and the federal detainer were sufficient to implicate the speedy trial provision of the Sixth Amendment.").

5    - OPINION AND ORDER

1161-62 (9th Cir. 2003) ("Although there is no bright-line rule, courts generally have found that delays approaching one year are presumptively prejudicial."). However, defendant cannot show that the government's conduct caused the delay, or most importantly, that he suffered any actual prejudice as a result.

The primary reason for the delay in this case was defendant's pretrial detention in the Eastern District of California and the length of time necessary to resolve those charges. Further, while the government did not seek defendant's immediate appearance in Oregon, the government did file an internal detainer against defendant in the Eastern District of California and communicated with defendant's California counsel regarding the Oregon charges. Thus, the government's conduct would not have supported a finding of presumed prejudice and defendant would have been required to show actual prejudice. See United States v. Corona-Verbera, 509 F.3d 1105, 1116 & n.3 (9th Cir. 2007).

However, defendant does not argue that witnesses became unavailable or that evidence was destroyed or otherwise lost as a result of the delay. Rather, defendant asserts that he could have served less time on his Oregon conviction had he been arraigned earlier. Regardless, it is undisputed that defendant was subject to a 120-month mandatory minimum sentence, the sentence that was imposed. I find defendant's argument regarding his eligibility for concurrent sentences or time-served credit as merely speculative,

6    - OPINION AND ORDER

and such argument would not have supported dismissal of the charges
on speedy trial grounds in any event. See Corona-Verbera, 509 F.3d
at 1112-13, 1116.

Therefore, given that defendant could not have shown actual
prejudice resulting from the post-indictment delay, I cannot find
that defendant was prejudiced by counsel's failure to seek
dismissal on speedy trial grounds. Accordingly, defendant fails to
establish a viable claim of ineffective assistance of counsel.

## CONCLUSION

Defendant's Motions to Set Aside, Vacate or Correct Sentence
(doc. 293-1) is DENIED.

IT IS SO ORDERED.

Dated this ___ day of June, 2013.

Ann Aiken
United States District Judge

7   - OPINION AND ORDER